UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-0270 (RJL) |
| | : | |
| WILLIE CHARLES ANDERSON, JR., | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S JUSTIFICATION FOR COURT TO ACCEPT 11(c)(1)(C) PLEA

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its memorandum in support of the plea entered into by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

The defendant is charged by information with a violation of Title18 U.S.C. § 201(b)(2)(A) receipt of a bribe by a public official. Mr. Anderson was a service provider for the Department of Motor Vehicles, providing court-ordered education and awareness programs. Anderson's official duties included providing treatment and education to clients and then certifying to the Department of Motor Vehicle that the client had completed the training. As a result of his certification, and other factors, the licenses of his clients would be reinstated. On two separate occasions in November, 2004, Anderson accepted cash bribe payments in exchange for providing falsified letters of completion to Department of Motor Vehicles.

Rule 11(c)(1)(C) of the current Federal Rules of Criminal Procedure provide:

> An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:

>       (C) agree that a specific sentence or sentencing range is the appropriate
>       disposition of the case, or that a particular provision of the Sentencing Guidelines,
>       or policy statement, or sentencing factor does or does not apply (such a
>       recommendation or request binds the court once the court accepts the plea
>       agreement).

In accordance with Rule 11(c)(1)(C), an Assistant United States Attorney and counsel for defendant Willie Anderson reached a plea agreement on July 21, 2005.  The government agreed, inter alia, in exchange for the defendant's guilty plea to one count of bribery, in violation of Title 18, United States Code, Section 201, to a specific sentence of three years of unsupervised probation.

From 1974, when the Federal Rules of Criminal Procedure were amended to include rules governing plea bargaining, to the present, Rule 11 has included an explicit provision allowing for the government and defendant to bargain pre-trial for an agreed upon sentence in exchange for a guilty plea.  See Fed. R. Crim. P. 11 Advisory Committee's Note.  In formalizing procedures to govern the practice of plea bargaining, the Advisory Committee conceded  "both the inevitability and the propriety of plea agreements.  Id. (describing the purpose of the 1974 amendments set forth in then subdivision (e) of Rule 11).  Quoting the Supreme Court in Santobello v. New York, 404 U.S. 257, 260 (1971), the Committee noted that "[t]he disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice.  Properly administered, it is to be encouraged." Fed. R. Crim. P. 11 Advisory Committee's Note.   In the context of plea bargaining, there are instances, such as this case, where the mutually beneficial outcome for both the government and defendant includes an explicit agreement as to the defendant's sentence.  That has always been contemplated and permitted by an express provision of Rule 11 as an

acknowledgment that certainty in one's sentence may be a key consideration in the bargaining process.

Starting from the premise, as the Supreme Court did in Santobello, that the efficient disposition of criminal cases by way of plea bargain, when properly administered, "is to be encouraged," the government contends that there is no reason for this Court to reject the proposed Rule 11(c)(1)(C) plea in this case. As stated by the D.C. Circuit in United States v. Goodall, 236 F.3d 700, 703 (2001), "[n]either Rule 11(e), nor the Federal Rules of Criminal Procedure in general, sets forth criteria to guide a sentencing judge's decision to accept or to reject a plea agreement."   That said, however, in light of the strong underlying interest in the efficient and orderly administration of justice, what should inform this Court in its consideration of the proposed plea before it is the reasonableness of the agreed-upon outcome.

The negotiated sentence of three years of unsupervised probation is an appropriate and reasonable outcome in this case in consideration of factors to be weighed by a sentencing court pursuant to Title 18, United States Code, Section 3553(a).  In particular, the government notes that the agreed upon sentence falls within the United States Sentencing Guidelines in effect at the time federal law enforcement authorities learned that the defendant was engaged in the conduct of offense.  The plea agreement provides for a sentence consistent with calculations using the Guidelines in effect from November 1, 2003 to November 1, 2004.  Law enforcement learned of the allegations against the defendant well within that time period, in July of 2004.  Nevertheless, the undercover operation did not commence until after November 1, 2004, when new Guidelines went into effect raising the base offense level for bribery by four points.  In the interests of fairness and justice, the government, in its negotiations with the defense, agreed to a sentence

consistent with the Guidelines in effect at the time the government learned of the allegations.

Nothing about the facts and circumstances of this case warrants rejection of the proposed plea. In review of the additional factors set forth in Section 3553(a) aside from the applicable Guidelines range, the proposed disposition of this case by guilty plea and a sentence of probation is consistent with those considerations as well.

                Respectfully submitted,

                KENNETH L. WAINSTEIN
                UNITED STATES ATTORNEY

                _____
                JULIEANNE HIMELSTEIN
                ASSISTANT U.S. ATTORNEY
                Fraud and Public Corruption Section
                555 4th Street, NW
                Washington, DC 20001
                (202) 514-8203

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing motion was served upon Frederick D. Cooke, Jr., RUBIN, WINSTON and DIERCKS, 1155 Connecticut Avenue, NW, Suite 600, Washington, DC 20036 and Sharon Styles-Anderson, Esq., 1818 Catherine Fran Drive, Accokeed, MD 20607, on ____ of October 2005.

                _____
                JULIEANNE HIMELSTEIN
                ASSISTANT U.S. ATTORNEY