U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

June 28, 2005

CR 05-270

FILED
NOV 15, 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

VIA TELEFAX – (202) 429-0657

Frederick D. Cooke, Jr., Esquire
1155 Connecticut Avenue, NW
Washington, DC 20036

Re: Mr. Willie Anderson, Jr.

Dear Mr. Cooke:

This letter sets forth the full and complete plea offer to your client, Mr. Anderson. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on May 6th at noon. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Mr. Anderson agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 201, Bribery. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Anderson and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Anderson agrees that the accompanying "Statement of the Offense" fairly and accurately describes Mr. Anderson's actions and involvement in the offense. It is anticipated that during the Rule 11 plea hearing, Mr. Anderson will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution:** Mr. Anderson understands that for one count of bribery, the maximum sentence that can be imposed is fifteen years imprisonment, a fine of $ 250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a five-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

But for the provisions of this agreement which provide that this agreement shall be entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Mr. Anderson understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission (hereinafter "Sentencing Guidelines"). Mr. Anderson further understands that if the Court imposes a sentence of probation, as provided in

paragraphs 3 and 4 below, he cannot withdraw his guilty plea.

3.  **Federal Sentencing Guidelines:**  Pursuant to Rule 11 (c)(1)(C), the parties agree to a sentence calculated using the Guidelines Manual in effect from November 1, 2003 until November 1, 2004. Pursuant to this agreement, the following Guideline Sections apply:

Bribery

| | | |
|---|---|---|
| § 2C1.1(a) | Base Offense Level | 10 |
| § 2C1.1(b)(1) | More than one bribe | 2 |
| Total | | 12 |
| § 3E1.1 | | |
| (a) Acceptance of Responsibility | | -2 |
| Adjusted Offense Level | | 10 |

The parties agree not to seek any adjustments or departures from the total offense level set forth above. In the event that this plea offer either is not accepted by Mr. Anderson or accepted by Mr. Anderson but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4.  **Determination of Sentencing Range Pursuant to Rule 11(c)(1)(C):**

Mr. Anderson and the Government agree that, using the calculations set forth in paragraph 3, above, defendant is eligible for a sentence within Zone B of the Sentencing Guidelines. The parties further agree that defendant should be sentenced to a 3-year term of unsupervised probation. The parties further agree that the government will not request that any travel restrictions be imposed upon the defendant after he is sentenced. The parties understand that this sentence may vary from the Federal Sentencing Guideline range as calculated by the Probation Office; however the parties agree that they will recommend to the Court that, pursuant to Federal Sentencing Guidelines 6B1.2(c)(2), there are justifiable reasons for the Court to accept an agreed upon sentence. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentencing range agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Mr. Anderson understands that if this happens, the Court, in accordance with the requirements of Rule

11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford him an opportunity to withdraw the plea, or if he persists in the guilty plea will inform your client that a final disposition may be less favorable to him than that contemplated by this agreement.

5. **Financial Arrangements:** Mr. Anderson agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013, and to pay $1,450, the amount of government funds paid to him as part of the undercover bribery investigation to the FBI. Mr. Anderson also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

6. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr. Anderson's release pending sentencing, and agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.C.G. § 3E1.1, provided that Mr. Anderson continues to show his acceptance of responsibility, as set forth in U.S.C.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Mr. Anderson in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense and the Criminal Information. This agreement not to prosecute Mr. Anderson does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Anderson.

7. **Bond Conditions:** Mr. Anderson understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding his bond status or detention will be made by the Court. The Court's decision in these regards is not grounds for withdrawal from this agreement.

8. **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Anderson's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9.  **Breach of Agreement**: Mr. Anderson agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Anderson's release (for example, should Mr. Anderson commit any conduct after the date of this agreement that would form the basis for an increase in Mr. Anderson's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Anderson will not have the right to move to withdraw the guilty plea; (c) Mr. Anderson shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Mr. Anderson, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Anderson has breached this agreement, and if Mr. Anderson so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

10. **USAO-DC's Criminal Division Bound**: Mr. Anderson understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Anderson.

11. **Complete Agreement**: No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Anderson, Mr. Anderson's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Anderson may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Anderson and his counsel.

Sincerely yours,

*Kenneth L. Wainstein /JR*

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: *[signature]*

Julieanne Himelstein
Assistant United States Attorney

I have read this plea agreement, consisting of 5 pages, and have discussed it with my attorney, Frederick D. Cooke, Jr., Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 7-21-05

Willie Charles Anderson, Jr.
Defendant

I have read each of the 5 pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 7/21/05

Frederick D. Cooke, Jr., Esquire
Attorney for the Defendant

5