UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 05-0270 (RJL) |
| | : | |
| WILLIE CHARLES ANDERSON, JR., | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its memorandum in aid of sentencing.

**1. BACKGROUND**

On November 15, 2005, defendant entered a guilty plea pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(C) to receipt of a bribe by a public official in violation of Title18 U.S.C. § 201(b)(2)(A). The facts supporting the plea are as follows: Mr. Anderson was a service provider for the Department of Motor Vehicles, providing court-ordered education and awareness programs. Anderson's official duties included providing treatment and education to clients and then certifying to the Department of Motor Vehicle that the client had completed the training. As a result of his certification, and other factors, the licenses of his clients would be reinstated. On two separate occasions in November, 2004, Anderson accepted cash bribe payments in exchange for providing falsified letters of completion to Department of Motor Vehicles.

2. **SENTENCING GUIDELINE CALCULATIONS**

The parties agreed that a sentence using the Guideline Manual in effect from November 1, 2003 until November 1, 2004 would apply.  The base offense level 10 plus a  2 level enhancement for more than one bribe (2C1.1(b)(1)) makes the adjusted offense level a 12 minus 2 for acceptance of responsibility. The PSR calculates the defendant's criminal history as Category I.

> Pursuant to Rule 11(c)(1)(C) of the current Federal Rules of Criminal Procedure:
>
> An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement.  The court must not participate in these discussions.  If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
>
>> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

In accordance with Rule 11(c)(1)(C), undersigned  Assistant United States Attorney and counsel for defendant Willie Anderson agreed that the defendant should be sentenced to a 3 -year term of unsupervised probation.[1]

---

[1] From 1974, when the Federal Rules of Criminal Procedure were amended to include rules governing plea bargaining to the present, Rule 11 has included an explicit provision allowing for the government and defendant to bargain pre-trial for an agreed upon sentence in exchange for a guilty plea.  See Fed. R. Crim P. 11 Advisory Committee's Note.  In formalizing procedures to govern the practice of plea bargaining, the Advisory Committee conceded "both the inevitability and the propriety of plea agreements. Id. (describing the purpose of the 1974 amendments set forth in then subdivision (e) of Rule 11).  Quoting the Supreme Court in Santobello v. New York, 404 U.S. 257, 260 (1971), the Committee noted that "the disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining' is an essential component of the administration of justice.  Properly

**3.     GOVERNMENT'S RECOMMENDATIONS AND REASONS**

The negotiated sentence of three years of unsupervised probation is an appropriate and reasonable outcome in this case in consideration of factors to be weighed by a sentencing court pursuant to Title 18, United States Code, Section 3553(a). In particular, the agreed upon sentence falls within the United States Sentencing Guidelines in effect at the time federal law enforcement authorities learned that the defendant was engaged in the conduct of offense. The plea agreement provides for a sentence consistent with calculations using the Guidelines in effect from November 1, 2003 to November 1, 2004. Law enforcement learned of the allegations against the defendant well within that time period, in July of 2004. Nevertheless, the undercover operation did not commence until after November 1, 2004, when new Guidelines went into effect raising the base offense level for bribery by four points. In the interests of fairness and justice, the government, in its negotiations with the defense, agreed to a sentence consistent with the Guidelines in effect at the time the government learned of the allegations.

In review of the additional factors set forth in Section 3553(a), the recommended sentence is appropriate. Indeed, the nature and circumstances of the crime itself, although a clear abuse of his position as a public official, devious and potentially harmful to the community, did not cause any harm in fact since undercover agents were used to commit the crime. Moreover, the defendant demanded that each "drunk driver" pay the amount of money that he would have had to pay if the class was actually given.

---

administered, it is to be encouraged." Fed. R. Crim. P. 11 Advisory Committee's Note. In the context of plea bargaining, there are instances, such as this case, where the mutually beneficial outcome for both the government and the defendant includes an explicit agreement as to the defendant's sentence. That has always been contemplated and permitted by an express provision of Rule 11.

The Court has expressed a desire to hear argument concerning the admittedly very violent and substantial criminal history of the defendant. That issue will be addressed as follows: In 1977, the defendant was convicted of **Manslaughter** in DC Superior Court; In 1985, the defendant was convicted of **Distribution of Heroin**, and various other weapons, property and drug offenses. In 1976, defendant was also convicted of Bail Reform Act. Moreover, the defendant was arrested for other offenses including a Murder in the First Degree arrest in 1972. Moreover the defendant has had an admitted substance abuse addiction.

The defendant's criminal history, although substantial and quite serious, is very old. Defendant's last conviction was in 1985, more than 20 years ago. Even the Guidelines recognize that the timing of prior convictions is relevant to Criminal History categorizing. Indeed, the defendant did not have any points for Criminal History. In addition, the defendant, obviously recognizing that he had an addiction, attended multiple and repeated programs to address his addiction, and according to him, has been sober since 1982. This should be acknowledged by the Court as a factor in determining the reasonableness of a probationary sentence.

Accordingly, the government respectfully requests that the Court impose a 3-year term of unsupervised probation.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____

JULIEANNE HIMELSTEIN
ASSISTANT U.S. ATTORNEY
Fraud and Public Corruption Section
555 4th Street, NW
Washington, DC 20001
(202) 514-8203

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing motion was served upon Frederick D. Cooke, Jr., RUBIN, WINSTON and DIERCKS, 1155 Connecticut Avenue, NW, Suite 600, Washington, DC 20036 and Sharon Styles-Anderson, Esq., 1818 Catherine Fran Drive, Accokeed, MD 20607, on _____ of March 2006.

_____

JULIEANNE HIMELSTEIN
ASSISTANT U.S. ATTORNEY