UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-0270 (RJL) |
| v. | : | |
| WILLIE CHARLES ANDERSON, JR. | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Willie Charles Anderson ("Defendant"), by and through undersigned counsel hereby submits his memorandum in aid of sentencing.

**Background**

Defendant comes before this Court having pleaded guilty to one count of receipt of a bribe by a public official in violation of Title 18 U.S.C. section 201(b)(2)(A). Defendant's plea was entered pursuant to FRCrP 11(c)(1)( C). In accordance with the terms of the plea agreement, Defendant and the government have agreed that Defendant should be sentenced to a three (3) year term of unsupervised probation.

The facts supporting Defendant's plea are as follows: Defendant was one of a number of service providers maintained on a list of such providers by the District of Columbia Department of Motor Vehicles. Defendant provided court-ordered alcohol abuse education and awareness programs to driver-clients, and then certified that the driver-client had completed the alcohol abuse education and awareness program. Certification by Defendant would result in reinstatement of the driving privileges of the

1

driver-clients seen by Defendant. On two separate occasions in November of 2004, Defendant accepted payments (of $725.00 each) from undercover FBI agents posing as driver-clients to provide letters of certification of completion of alcohol abuse education and awareness programs that were false because the programs were not actually completed or provided.

## Sentence

Defendant immediately and fully accepted responsibility for his conduct and promptly agreed to plead guilty when he was approached by law enforcement. It is primarily for that reason that the government entered into a plea agreement with Defendant under which the government agreed that Defendant should be sentenced to a three (3) year term of unsupervised probation. Defendant respectfully requests that this Court impose that sentence.

The sentence proposed in the plea agreement is appropriate in this case because there was no financial loss to the government of the District of Columbia that resulted from Defendant's conduct. Moreover, Defendant promptly accepted responsibility for his conduct and was not involved in any effort to obstruct justice or conceal his conduct. Moreover, there was never any danger to the community as a result of Defendant's conduct. Each undercover agent presented a history to the Defendant. None of the facts presented to the Defendant in those histories suggested that any of the fictitious clients had a present or recent problem of alcohol or drug abuse connected to the suspension of their driving privileges.

While the plea agreement proposes a period of unsupervised probation, the Pre Sentence Investigation Report ("PSIR"), states that under the current U. S. Sentencing

Guidelines, Defendant is not eligible for probation. Defendant respectfully submits that the Guidelines are no longer mandatory and that the period of unsupervised probation proposed in the plea agreement is appropriate in this case. Moreover, Defendant respectfully submits that the period of unsupervised probation does not need to include any mandatory drug testing because Defendant is a low risk of future substance abuse. That is so because the offense is in no way connected to or motivated by substance abuse. As noted in the PSIR, Defendant has a long and remote history of substance abuse. The PSIR also notes that Defendant has been in recovery since March of 1982. Since that time, Defendant has been involved in substance abuse therapy and has received licenses and certifications that include Certified Master Addictions Counselor II and Certified Clinical Supervisor. Defendant has worked as a substance abuse counselor for Second Genesis, the Psychiatric Institute of Washington, and his own enterprise since 1989. Defendant is committed to his sobriety and has helped many other secure and maintain their sobriety. His is an extremely low risk of future substance abuse.

      The agreed upon probationary sentence is appropriate because such a sentence will allow Defendant to continue his work in substance abuse counseling, to continue his work as a minister/deacon with his church, and to continue to support his family. A probationary sentence will allow Defendant to continue to provide substance abuse counseling at his church and to other organizations with which he consults from time to time. Defendant lives with and supports his wife and three children. A probationary sentence will allow Defendant to continue to support his wife and three young children financially and will allow him to be an active participant in the up-bringing of his children.

The PSIR makes mention of the ability of Defendant to pay a fine in this matter. Defendant respectfully disagrees. The PSIR correctly notes that Defendant has closed down his business (ARMS) that was involved in the instant offense. The PSIR also correctly notes that Defendant and his wife are now the co-owners of a coffee shop and internet café. This business which began in October of 2005 currently provides Defendant with no income. The business is a start-up business and is struggling to meet expenses. Defendant intends to pursue consulting work in his area or expertise, substance abuse counseling, but he has no immediate prospects and certainly no significant income in that regard. Additionally, the PSIR shows that Defendant has a negative cash flow. Defendant simply does not have the financial wherewithal to pay a fine.

The PSIR notes a criminal history for Defendant that is remote in time. Defendant's criminal history, though serious and violent, is sufficiently remote in time that the PSIR gives him a "0" as a criminal history score. The fact that Defendant's criminal history is represented by very old criminal acts should not b held against him. In fact, Defendant's life since his last conviction (in 1985) has been quite positive. He has completely dis-engaged from substance abuse (which was the driving force behind his criminal conduct), been in recovery since 1982, and has involved himself in substance abuse counseling and church work since about 1987. Indeed, the Defendant has traveled all over the world establishing substance abuse programs and training treatment professionals. Mr. Anderson has worked throughout the Caribbean, Russia, South Africa, and South America for the State Department to combat the disease of addiction. Defendant respectfully submits that the instant offense is a deviation from the life path

that Defendant has been on since 1982 and not a return to the violent life of crime that Defendant led previously. He does not intend to repeat this mistake.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court impose a sentence of three (3) years unsupervised probation as provided in the plea agreement entered into by Defendant and the government.

Respectfully submitted,

_____/s/_____
Frederick D. Cooke, Jr. D.C. Bar No. 164608

Rubin Winston Diercks Harris & Cooke, LLP
1155 Connecticut Avenue, NW, Suite 600
Washington, D.C. 200036

202 861 0870
202 429 0657 (facsimile)

CERTIFICATE OF SERVICE

    I. Frederick D. Cooke, Jr., do hereby certify that on this 20th day of April, 2006 a copy of the foregoing Defendant's Memorandum in Aid of Sentencing was sent by first class mail, postage pre paid, to the following:

>Julieanne Himelstein, Esq.
>Assistant United States Attorney
>555 4th Street, NW
>Washington, D.C. 20001
>
>Sharon Styles-Anderson, Esq.
>1818 Catherine Fran Drive
>Accokeek, MD 20607

                                                       __/s/_____
                                                       Frederick D. Cooke, Jr.